# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRADLEY HODGES,

    Petitioner,

v.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:18-cv-00278-HDM-WGC

**ORDER**

Petitioner has paid the filing fee. The court has reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss two grounds. The court will direct respondents to respond to the remaining grounds.

In state district court, petitioner pleaded guilty to one count each of burglary and grand larceny. The state district court adjudicated petitioner as a habitual criminal under Nev. Rev. Stat. § 207.010. It appears that the original judgment of conviction, entered October 25, 2012, imposed only one sentence of 25 years in prison with a minimum parole eligibility after 10 years. A second amended judgment of conviction, entered March 18, 2016, imposed two concurrent sentences of 25 years in prison with a minimum parole eligibility after 10 years. Petitioner mailed his federal habeas corpus petition to the court on June 11, 2018.

Ground 6 is a claim of ineffective assistance of post-conviction counsel. When the state district court entered its second amended judgment of conviction on March 18, 2016, a post-

conviction habeas corpus petition was pending in state district court. Counsel represented petitioner in those proceedings. Petitioner asked counsel to challenge the second amended judgment as a violation of his guilty plea agreement, but counsel did not. However, petitioner has no constitutional right to effective assistance of post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991). Ground 6 lacks merit, and the court dismisses it.

Ground 7 is a claim that the Nevada Court of Appeals erred in disposing of a state habeas corpus petition. After entry of the second amended judgment of conviction, petitioner filed another state habeas corpus petition. Ultimately, the Nevada Court of Appeals held that that petition was untimely under Nev. Rev. Stat. § 34.726(1) because petitioner filed the petition more than three years after entry of the original judgment of conviction. Petitioner has alleged an error in the state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). Ground 7 lacks merit, and the court dismisses it.

Petitioner has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that grounds 6 and 7 of the petition are **DISMISSED**.

1    IT FURTHER IS ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT FURTHER IS ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then petitioner will have twenty-eight (28) days to file a response to the motion, and respondents will have fourteen (14) days from the date of filing of the response to file a reply.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED:   October 17, 2018.

_____
HOWARD D. MCKIBBEN
United States District Judge

3