# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVEN BRADLEY HODGES,

    Petitioner,

    v.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:18-cv-00278-HDM-WGC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6), respondents' motion to dismiss (ECF No. 9), petitioner's opposition (ECF No. 15), and respondents' reply (ECF No. 16). The court finds that petitioner has not exhausted his state-court remedies for two of his grounds, and that one ground is not addressable in federal habeas corpus. The court grants in part the motion to dismiss.

**I.    Procedural History**

In state district court, petitioner agreed to plead guilty to one count of grand larceny and one count of burglary. Ex. 46, at 1 (ECF No. 11-5, at 2). Under the agreement, the prosecution agreed to recommend a habitual-criminal sentence of 25 years in prison with parole eligibility starting after a minimum of 10 years, and petitioner would not contest that. Id. at 4 (ECF No. 11-5, at 5). See also Nev. Rev. Stat. § 207.010(1)(b). Petitioner agreed that any sentence would run consecutively to any other sentences in other cases. Id. at 3 (ECF No. 11-5, at 4). At the

sentencing hearing, there was some confusion about how to impose the habitual-criminal sentence. Defense counsel, the prosecutor, and the judge thought that the two counts merged into one. Ex. 49, at 7-8 (ECF No. 11-8, at 8-9). The judge sentenced petitioner accordingly. Id. at 8 (ECF No. 11-8, at 9). On October 30, 2012, the state district court entered a judgment of conviction that imposed one sentence of 25 years with a minimum parole eligibility of 10 years, that would run consecutively to the sentence imposed in one other case. Ex. 50 (ECF No. 11-9). Petitioner appealed, and he filed a fast-track statement. Ex. 73 (ECF No. 11-32). On September 18, 2013, the Nevada Supreme Court affirmed the judgment of conviction. Ex. 76 (ECF No. 11-35).

On October 31, 2013, petitioner filed his first post-conviction habeas corpus petition in the state district court. Ex. 78 (ECF No. 11-37). The state district court appointed counsel, who filed a supplement. Ex. 127 (ECF No. 13-6). On May 27, 2016, the state district court denied the petition. Ex. 138 (ECF No. 13-17). Petitioner appealed. On June 14, 2017, the Nevada Court of Appeals affirmed. Ex. 167 (ECF No. 14-6).

On July 7, 2014, while the first state post-conviction habeas corpus petition was pending, the state district court entered an amended judgment of conviction. Ex. 94 (ECF No. 12-13). The original judgment of conviction erroneously stated that the sentence would run consecutively to the sentence imposed in one other case. However, petitioner had multiple prior active sentences. The amended judgment of conviction made clear that the sentence in this case runs consecutively to any other sentence that petitioner currently was serving. Id.

On March 18, 2016, as part of the first state post-conviction proceedings, the state district court held a hearing. Among other matters, the state district court noted that petitioner's sentence was incorrect. Petitioner should not have received one sentence for both counts, because the crimes of grand larceny and burglary do not merge, and because adjudication as a habitual criminal does not result in one all-encompassing sentence. Instead, petitioner should have received one sentence for each count. Ex. 135, at 29-30 (ECF No. 13-14, at 30-31). The state district court said that it would enter an amended judgment of conviction, with two sentences of 25 years with parole eligibility starting after a minimum of 10 years, running concurrently. Id. at

31 (ECF No. 13-14, at 32). On March 25, 2016, the state district court entered a second amended judgment of conviction in accordance with its statements. Ex. 136 (ECF No. 13-15).

On November 23, 2016, while the appeal from the denial of the first state post-conviction habeas corpus was pending, petitioner filed his second post-conviction habeas corpus petition in the state district court. Ex. 158 (ECF No. 13-37). On August 31, 2017, the state district court dismissed the petition. Ex. 171 (ECF No. 14-10). Petitioner appealed. On May 15, 2018, the Nevada Court of Appeals affirmed. It held that the second state petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Ex. 181 (ECF No. 14-20).

On June 11, 2018, petitioner mailed his habeas corpus petition pursuant to 28 U.S.C. § 2254 to this court. ECF No. 6. The petition originally contained seven grounds for relief. The court dismissed grounds 6 and 7, and the court directed a response to the remaining grounds. ECF No. 5. Respondents filed their motion to dismiss. ECF No. 9.

**II.    Exhaustion**

**A.    Standard for exhaustion**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional

3

principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

**B.      Ground 1 is unexhausted**

In ground 1, petitioner claims that trial counsel provided ineffective assistance because trial counsel failed to provide petitioner with discovery, failed to communicate with petitioner, failed to file any pre-trial motions, and allowed a jury to be selected before informing petitioner about a recording of a telephone call from the jail that incriminated petitioner. Respondents break ground 1 into four subsections, and petitioner objects to that. No matter how the court reads ground 1, the result is the same. Petitioner did not present a claim of ineffective assistance of counsel, with these facts, to the state courts. Petitioner notes that he did present these facts in his fast-track statement on direct appeal from the judgment of conviction. See Ex. 73, at 6-18 (ECF No. 11-32, at 7-19). However, those facts were in support of a claim that the state district court erred in denying petitioner's motion to have substitute counsel appointed. That claim is legally distinct from a claim of ineffective assistance of counsel. Petitioner did not present the same facts and legal theory to the state courts that he presents here in ground 1. Ground 1 is unexhausted.

**C.      Ground 2 is unexhausted**

Ground 2 is a claim that the trial court failed to follow the correct procedure for determining habitual-criminal status. In this court, petitioner claims that this was a violation of the Fourteenth Amendment's guarantee of due process. Respondents correctly argue that petitioner raised this issue on direct appeal solely as a matter of state law, and that petitioner did not mention any provision of federal law to the Nevada Supreme Court. See Ex. 73, at 19-20 (ECF No. 11-32, at 20-21) (fast-track statement on direct appeal), Ex. 76, at 2 (ECF No. 11-35, at 3) (order affirming judgment of conviction). Petitioner needed to tell the Nevada Supreme Court specifically that this was a claim of federal law for it to be exhausted. Lyons, 232 F.3d at 670, amended, 247 F.3d 904. Because petitioner did not inform the Nevada Supreme Court of the federal-law nature of his claim, ground 2 is unexhausted.

**D.      Ground 4 is exhausted**

Respondents break ground 4 into two subsections. In what respondents call ground 4(a), petitioner claims that trial counsel provided ineffective assistance for failing to "commence discovery until two weeks before trial and only filed a motion for discovery less than two days before trial." ECF No. 6, at 9. Respondents argue that this part of ground 4 is not exhausted. In what respondents call ground 4(b), petitioner claims that trial counsel provided ineffective assistance for failing to investigate whether a global positioning system (GPS) tracking device was placed legally on petitioner's car. Petitioner objects to this subdivision of ground 4. Petitioner is correct.

In the state supplemental petition, ground 3 alleges the same facts as alleged in federal ground 4. Ex. 127, at 5-8 (ECF No. 13-6, at 6-9). On appeal, petitioner did not allege anything about counsel's discovery practices. However, the court finds that these additional facts do not fundamentally alter the claim from what was presented on appeal. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986). The operative facts of ground 4, and state supplemental ground 3, are that counsel failed to investigate whether the GPS tracking device was lawfully placed on petitioner's vehicle. The allegations about discovery are support for that claim. Petitioner does not make a separate claim that trial counsel waited too long to commence discovery and to file a motion for discovery. Ground 4 is exhausted in its entirety.

**III.    Ground 5 is not addressable in federal habeas corpus**

In ground 5, petitioner alleges that counsel in the first state post-conviction habeas corpus proceedings failed to object to entry of the second amended judgment of conviction. Respondents correctly note that petitioner has no right to effective assistance of counsel in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987).

Respondents also argue that petitioner has procedurally defaulted ground 5. The court will not address that argument because the court is dismissing ground 5 for the reasons stated above.

**IV.    Petitioner must choose what to do with the unexhausted grounds**

The petition (ECF No. 6) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss the unexhausted grounds 1 and 2 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1 and 2, or he may move to stay this action while he returns to state court to exhaust grounds 1 and 2.  If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.  If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action.  Otherwise, the court will dismiss the action.

**V.    Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 9) is **GRANTED** in part.  Grounds 1 and 2 are unexhausted, and ground 5 is **DISMISSED** because it is not addressable in federal habeas corpus.  The motion to dismiss (ECF No. 9) is **DENIED** in part with respect to ground 2.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1 and 2 of his petition (ECF No. 6), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (ECF No. 6) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1 and 2 of his petition (ECF No. 6), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1 and 2 of his petition (ECF No. 6).  Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 6) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED: September 9, 2019.

*(signed)* 
HOWARD D. MCKIBBEN
United States District Judge